Joshua N. Eppich (Texas Bar I.D. No. 24050567)
H. Brandon Jones (Texas Bar I.D. No. 24060043)
J. Robertson Clarke (Texas Bar I.D. No. 24108098)
Bryan C. Assink (Texas Bar I.D. No. 24089009)
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone: (817) 405-6900
Facsimile: (817) 405-6902
Email: joshua@bondsellis.com
Email: brandon@bondsellis.com
Email: robbie.clarke@bondsellis.com
Email: bryan.assink@bondsellis.com

*Counsel for Plaintiff Liquidation Trustee*
*of the Rockall Liquidation Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-90000 (mxm) |
| | § | |
| ROCKALL ENERGY HOLDINGS, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Reorganized Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| ANKURA CONSULTING GROUP, LLC, SOLELY IN ITS CAPACITY AS LIQUIDATION TRUSTEE OF THE ROCKALL LIQUIDATION TRUST, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Proc. No. 22-_____ |
| KREWE ENERGY, LLC, | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Ankura Consulting Group, LLC, solely in its capacity as the Liquidation Trustee of the Rockall Liquidation Trust (the "Plaintiff" or "Trustee"), by and through its undersigned

counsel, hereby files this Original Complaint complaining of Krewe Energy, LLC. In support thereof, the Trustee respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). In the alternative, this Court has "related to" jurisdiction over this action. This matter relates to the implementation, interpretation, and/or execution of the Debtors' confirmed plan.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

3. Plaintiff is Ankura Consulting Group, LLC, solely in its capacity as the Liquidation Trustee of the Rockall Liquidation Trust established under the Debtors' confirmed plan.

4. Defendant Krewe Energy, LLC ("Krewe" or "Defendant") is a limited liability company incorporated under the laws of the State of Delaware. Krewe's principal office and principal place of business is located at 200 Caroline Court, Covington, LA 70433. Krewe may be served with process via its registered agent, Paul Damian Rees, 2900 E. Causeway Approach, Suite D, Mandeville, LA 70448.

## III. FACTS

5. On or about July 1, 2020, Rockall Energy Holdings, LLC purchased from Krewe its interests in certain Pine Prairie oil, gas, and mineral properties (the "Pine Prairie Properties") located in Evangeline Parish, Louisiana. At the time of this transaction, ad valorem property taxes for 2019 were outstanding and unpaid for the Pine Prairie Properties. Under the terms of the sale, Krewe agreed to pay the unpaid ad valorem taxes for 2019.

6. In early 2021, when Rockall Energy, LLC ("Rockall") attempted to pay the 2020

property taxes for the Pine Prairie Properties, it discovered that Krewe had again failed to pay the outstanding ad valorem taxes for 2019 and such taxes remained due and owing despite the express terms of the sale. Because the 2019 taxes had not been paid, Evangeline Parish would not allow Rockall to pay the taxes due for 2020.

7. On or about March 2, 2021, Rockall and Krewe entered into that certain Ad Valorem Tax Payment Agreement regarding Evangeline Parish, Louisiana (the "Tax Payment Agreement").

8. Under the Tax Payment Agreement, Rockall agreed to pay the unpaid 2019 ad valorem property taxes on the Pine Prairie Properties. In exchange, Krewe agreed to (i) pay all outstanding ad valorem taxes and related penalties and interest associated with the Pine Prairie Properties for the time period prior to January 1, 2021 (the "Outstanding Tax Balance"); and (ii) pay the Outstanding Tax Balance as soon as practicable, but no later than December 31, 2021.

9. In addition, the Tax Payment Agreement contained an indemnity requirement in which, in consideration for Rockall paying the 2019 taxes, Krewe agreed to indemnify Rockall for the Outstanding Tax Balance, including any other penalties, interest, attorneys' fees and costs associated with Krewe not timely paying the Outstanding Tax Balance by December 31, 2021.

10. Krewe did not pay the Outstanding Tax Balance by December 31, 2021.

11. On March 9, 2022 (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

12. On May 25, 2022, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* [Docket No. 548] (the "Plan").

13. On or about May 26, 2022, as a result of Krewe's failure to pay the Outstanding

Tax Balance, and in connection with the Plan and the court-approved sale of substantially all of the Debtors' assets, Rockall caused the payment of the Outstanding Tax Balance in full in an amount not less than $842,254.30.

14. On June 2, 2022, this Court entered an order confirming the Plan and approving the sale of substantially all of the Debtors' assets [Docket Nos. 600 and 629] (the "Confirmation Order").

15. Under the Plan and Confirmation Order, the Liquidation Trust is tasked with effectuating the liquidation of all assets contributed to the Liquidation Trust and distributing proceeds to creditors.[1] Among the assets contributed to the Liquidation Trust are all causes of action that were retained under the Plan. As relevant here, all causes of action against Krewe were specifically retained and preserved and transferred to the Liquidation Trust.[2] Any recoveries received by the Liquidation Trust on the causes of action, including this cause of action against Krewe, are to be distributed in accordance with the terms of the Plan.

16. On June 10, 2022 (the "Effective Date"), the Plan became Effective as such term is defined therein. Upon the Effective Date, all causes of action against Krewe formerly held by the Debtors or their estates were transferred to the Liquidation Trust.[3]

17. On October 27, 2022, counsel for the Liquidation Trust issued a demand letter to Krewe and its counsel demanding indemnification and reimbursement of the Outstanding Tax Balance paid on behalf of Krewe's behalf.

18. As of the date of this Original Complaint, Krewe has not paid, and refuses to pay,

---

[1] *See* Confirmation Order [Docket No. 629], para. 75.

[2] *See, e.g.*, Plan, Art. IV.C.10 ("Further, any Claims or Causes of Action against Krewe shall not be waived or released and all rights to pursue such claims against Krewe shall be transferred to the Intercreditor Agent or the Liquidation Trust, at the election of the Intercreditor Agent, on the Effective Date.").

[3] *See* Confirmation Order, para. 75.

---

the funds required under the indemnification obligations of the Tax Payment Agreement.

### IV.  CAUSES OF ACTION

#### COUNT I
#### BREACH OF TAX PAYMENT AGREEMENT

19. The Trustee restates and realleges each of the foregoing paragraphs as if fully set forth herein.

20. Rockall and Krewe were parties to the Tax Payment Agreement. The Tax Payment Agreement is a valid and binding contract.

21. Under the Tax Payment Agreement, Krewe accepted the obligation to make the payment of the Outstanding Tax Balance and agreed to indemnify Rockall for the Outstanding Tax Balance in the event Krewe did not timely pay the tax balance under the terms of the Tax Payment Agreement.

22. Krewe did not pay the Outstanding Tax Balance as required under the Tax Payment Agreement. On or about May 26, 2022, Rockall caused payment of bankruptcy estate funds to Evangeline Parish of $842,254.30 constituting all owed outstanding ad valorem taxes and related penalties associated with the Pine Prairie Properties for the periods prior to January 1, 2021. Rockall also incurred attorneys' fees and costs in connection with the payment of such ad valorem taxes.

23. The Trustee sent formal demand on Krewe, requesting that Krewe comply with the indemnity provision of the Tax Payment Agreement by reimbursing the Rockall Liquidation Trust for the May 2022 payment of the Outstanding Tax Balance, including all penalties, interest, attorney's fees, and costs associated thereto.

24. Despite demand, Krewe has failed and refused to pay the funds required under the indemnification obligations of the Tax Payment Agreement.

25. The Trust has sustained damages as a result of Krewe's failure to comply with the indemnification obligations under the Tax Payment Agreement in an amount not less than $842,254.30. In addition, the Tax Payment Agreement requires Krewe to provide indemnification for all attorney's fees and costs associated with Krewe's failure to comply with the indemnification obligations therein. Accordingly, all attorney's fees incurred by the Trustee in connection with payment of the Outstanding Tax Balance and in this action must be paid by Krewe.

26. All conditions precedent for recovery against Krewe for its breach of the Tax Payment Agreement have occurred, been performed, waived, or excused.

## ATTORNEY'S FEES

27. The Trustee realleges each of the foregoing paragraphs as if fully set forth herein. Under the terms of the Tax Payment Agreement and Tex. Civ. Prac. & Rem. Code § 38.001, the Trustee is entitled to recover all attorney's fees, expenses, and other costs and damages incurred as a result of Krewe's failure to provide the indemnification required under the Tax Payment Agreement. The Trustee has incurred—and will continue to incur—substantial attorney's fees in seeking to enforce the Tax Payment Agreement and obtain reimbursement from Krewe. These fees and costs will continue to accrue until Krewe satisfies its indemnification obligations in full.

## PRAYER FOR RELIEF

The Trustee respectfully requests that the Court enter judgment in favor of the Trustee against Krewe as follows:

a. Judgment in favor of the Trustee and against Krewe in an amount not less than $842,254.30 as reimbursement for the amounts paid for the Outstanding Tax Balance;

b. All attorney's fees, expenses, and other costs of collection incurred by the

    Trustee resulting from Krewe's breach of the Tax Payment Agreement;

 c. Pre- and post-judgment interest at the rate provided by law; and

 d. Any other relief to which the Trustee may show itself entitled.

Dated: December 12, 2022    Respectfully submitted,

    */s/ H. Brandon Jones*
    Joshua N. Eppich (Texas Bar I.D. No. 24050567)
    H. Brandon Jones (Texas Bar I.D. No. 24060043)
    J. Robertson Clarke (Texas Bar I.D. No. 24108098)
    Bryan C. Assink (Texas Bar I.D. No. 24089009)
    BONDS ELLIS EPPICH SCHAFER JONES LLP
    420 Throckmorton Street, Suite 1000
    Fort Worth, Texas 76102
    Telephone: (817) 405-6900
    Facsimile: (817) 405-6902
    Email: joshua@bondsellis.com
    Email: brandon@bondsellis.com
    Email: robbie.clarke@bondsellis.com
    Email: bryan.assink@bondsellis.com

    *Counsel for Plaintiff Liquidation Trustee*
    *of the Rockall Liquidation Trust*